UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNIE GRAYDON (# 4077)                                    CIVIL ACTION NO.

VERSUS

GOVERNOR BOBBY JINDAL, ET AL.                               15-546-SDD-SCR

## RULING

On or about August 17, 2015, the *pro se* Plaintiff, a person confined at a facility operated by the Eastern Louisiana Mental Health System in Jackson, Louisiana, filed this proceeding, apparently pursuant to 42 U.S.C. § 1983, against Governor Bobby Jindal and the unidentified "Boss of all state agencys",[1] complaining that he is being subjected to a "masonic conspiracy" by officials employed at the mental health facility where he is confined. The Plaintiff's unsigned *Complaint*[2] includes conclusory assertions regarding alleged "public intimination [sic]," "discrimination" and "several attacks upon [his] life ordered by staff".

Pursuant to correspondence dated August 24, 2015,[3] the Court directed the Plaintiff to sign and return his *Complaint* within twenty-one (21) days and, within such time, either pay the Court's filing fee or submit a properly completed Motion to Proceed *In Forma Pauperis* and Statement of Account, signed by an official at the Plaintiff's facility and certifying to the average six-month deposits and balance in his account(s). Blank copies

---

[1] Rec. Doc. 1, p. 4.

[2] Rec. Doc. 1.

[3] Rec. Doc. 2.

of the pertinent forms were attached to the Court's correspondence. The referenced correspondence specifically advised the Plaintiff that "failure to amend the pleadings or provide the requested information or forms as indicated will result in the dismissal of your suit by the Court without further notice."[4]

A review of the record by the Court reflects that, despite notice and an opportunity to appear, the Plaintiff has failed to respond to the Court's directives. Instead, the Plaintiff has returned the referenced correspondence to the Court without compliance, and the sole reason provided for such non-compliance is his assertion that the envelope containing the Court's correspondence had been opened before it was delivered to him.[5] This is an insufficient basis for failure to comply with the Court's Deficiency Notice or correct the deficiencies of which the Plaintiff was notified. Therefore, the Plaintiff's action shall be dismissed, without prejudice, because of his failure to correct the deficiencies as instructed by the Court. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED** without prejudice. *Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the 24 day of September, 2015.

*Shelly D Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[4] *Id.*

[5] *See* Rec. Doc. 4.